## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| **HENRY D. BRYANT,**<br><br>　　　　　　　　　　**Plaintiff,**<br>v.<br><br>**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,**<br><br>　　　　　　　　　　**Defendant.** | Civil Action No. 3:26-CV-50-CHB<br><br><br>**COMPLAINT** |

### INTRODUCTION

1.      This complaint seeks legal and equitable damages arising from and relating to a long-term disability insurance policy issued, insured, and underwritten by Defendant.

2.      The headings contained in this complaint are intended only to assist in reviewing the statements and allegations contained herein. To avoid unnecessary repetition in each section, Plaintiff hereby affirms and incorporates each paragraph in each section of this complaint as though fully set forth therein.

3.      The factual allegations found in this complaint are not exhaustive and are presented throughout this complaint so as to provide Defendant with the requisite notice of the basis for Plaintiff's allegations.

### JURISDICTION & VENUE

4.      This Court has subject matter jurisdiction over the claims asserted in this action for monetary and equitable relief under Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1) and § 1132(f).

5.      Venue is appropriate in the United States District Court for the Western District

of Kentucky pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391.

## PARTIES

6. Plaintiff Henry D. Bryant ("Mr. Bryant") is a citizen of the United States and an insured participant under the long-term disability insurance policy ("LTD Policy") at issue in this lawsuit.

7. Defendant The Prudential Insurance Company of America ("Prudential") is the insurer of the Policy at issue in this lawsuit.[1] Prudential does business as an admitted insurer in the Commonwealth of Kentucky. Prudential is incorporated in New Jersey with a principal office address of 751 Broad Street, Newark, NJ 07102. Prudential's registered agent for service of process in Kentucky is CT Corporation System, 306 West Main Street, Suite 512, Frankfort, KY 40601.

## FACTS

8. Mr. Bryant is insured under the LTD policy issued and underwritten by Prudential.

9. Mr. Bryant ceased work because of the physical limitations resulting from his disabling conditions and corresponding treatment regimen. Subsequent to ceasing work, Mr. Bryant has remained continuously disabled and unable to perform the duties necessary to engage in any gainful employment.

10. Mr. Bryant applied for the LTD Policy disability benefits and provided Prudential with all necessary evidence, documents and information to approve his claim.

---

[1] The denial letter identifies "The Prudential Insurance Company of America," as the insurer, but the Kentucky DOI and NAIC confirm the company name is "Prudential Insurance Company of America." *See* https://insurance.ky.gov/ppc/Company/INDetail.aspx?LookupVal=300784; https://sbs.naic.org/solar-external-lookup/lookup/company/summary/99306929?jurisdiction=NJ. However, based on prior litigation, Mr. Bryant believes "The Prudential Insurance Company of America" is the correct name for Defendant.

11. However, by letter dated January 27, 2023, Prudential notified Mr. Bryant that he did not satisfy the LTD Policy definition of disability and they are "unable to approve any benefits."

12. The denial of Mr. Bryant's LTD Policy benefits was flawed and failed to strictly adhere to the ERISA claim regulations for a number of reasons, including, *inter alia*:

- Failing to establish and maintain reasonable procedures governing the … notification of benefit determinations.

- Failing to provide a written notification of an adverse benefit determination that provides a description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary.

- Failing to provide a written notification of an adverse benefit determination that provides an explanation of the basis for disagreeing with or not following the views presented by the claimant to the plan of health care professionals treating the claimant and vocational professionals who evaluated the claimant.

- Failing to consult with a health care professional who has appropriate training and experience in the field of medicine involved in the medical judgment.

13. In administering Mr. Bryant's claim, as the denial letter makes clear, Prudential actively sought to deny his LTD Policy benefits.

14. Mr. Bryant has met and continues to meet the respective requirements of the LTD Policy necessary to receive—and continue to receive—disability benefits.

15. At all times relative hereto, Prudential has been operating under an inherent and structural conflict of interest because any disability benefits provided to Mr. Bryant are paid from Prudential's own assets with each payment depleting those same assets.

16. Prudential's corporate culture pressures claims personnel to deny or terminate claims to reduce disability benefits it must provide.

17. Employees who save Prudential money by terminating or denying claims are more likely to be rewarded (e.g., with favorable employment reviews, promotions, raises, and bonuses) compared with those who do not.

18. Based on Prudential's failure to strictly adhere to the ERISA claim regulations (*see supra*), Mr. Bryant is deemed to have exhausted his administrative remedies and is entitled to pursue the relief requested herein.[2]

19. Prudential's failure to strictly adhere to the ERISA claim regulations was not *de minimis* but represents a pattern and practice of violating the claim regulations.

20. Prudential's failure to strictly adhere to the ERISA claim regulations both prejudiced and harmed Mr. Bryant.

21. Mr. Bryant's complaint is timely and is not otherwise time barred.

## CLAIMS

**A.  Breach of Contract**

22. The LTD Policy constitutes a written contract.

23. Prudential breached the terms of the LTD Policy by, among other things, improperly denying Mr. Bryant's monthly disability benefits.

24. Prudential's breach of the LTD Policy damaged Mr. Bryant, not only in the loss of monthly benefits, but also in the loss of earnings on the disability benefits, the loss of opportunity, and the attorneys' fees and costs incurred.

25. 29 U.S.C. §§1132(a) is the enforcement mechanism permitting Mr. Bryant to

---

[2] *See* 29 CFR 2560.503-1(l)(2)(i) ("In the case of a claim for disability benefits, if the plan fails to strictly adhere to all the requirements of this section with respect to a claim, the claimant is deemed to have exhausted the administrative remedies available under the plan…Accordingly, the claimant is entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.").

- 5 -

enforce the contractual terms of the LTD Policy, to receive reinstatement and payment of past-due disability benefits, to obtain declaratory relief, and to obtain other appropriate equitable relief including, but not limited to, surcharge, make-whole relief, and disgorgement.

**B.      Attorneys' Fees & Costs**

26.     As a result of Prudential's improper conduct, Mr. Bryant has incurred attorneys' fees and costs.

27.     29 U.S.C. §1132(g) is the enforcement mechanism permitting Mr. Bryant to recover his reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

28.     Mr. Bryant requests the Court enter judgment in his favor and against Prudential on all claims asserted herein, to include legal and equitable relief as appropriate.

29.     Mr. Bryant requests the Court to award reasonable attorneys' fees and costs.

30.     Mr. Bryant requests the Court award pre- and post-judgment interest at greater of 12% or the rate earned by Prudential on the unpaid benefits.

31.     Mr. Bryant requests the Court to award any and all other legal or equitable relief to which he may be entitled.

32.     Mr. Bryant requests leave to amend his claims when and as necessary to ensure he receives substantial justice.

33.     Mr. Bryant requests the Court deem his pleadings to conform to the evidence.

\* \* \* \* \* \* \* \* \*

Respectfully submitted,

/s/ Andrew M. Grabhorn

**Grabhorn Law | Insured Rights®**

Michael D. Grabhorn, CLU ChFC
(KBA 89842)
*m.grabhorn@grabhornlaw.com*
Andrew M. Grabhorn
(KBA 96477)
*a.grabhorn@grabhornlaw.com*
2525 Nelson Miller Parkway, Suite 107
Louisville, Kentucky 40223
p: 502.244.9331
f: 502.244.9334

***Counsel for Plaintiff***